**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 111902

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Minerva Montanez,<br><br>                   Plaintiff,<br><br>                   vs.<br><br>Selip & Stylianou, LLP and Midland Funding, LLC,<br><br>                   Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Minerva Montanez (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Selip & Stylianou, LLP and Midland Funding, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Minerva Montanez is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Selip & Stylianou, LLP ("S&S"), is a New York Limited Liability Partnership with a principal place of business in Nassau County, New York.

8. On information and belief, Defendant Midland Funding, LLC ("Midland"), is a California Limited Liability Company with a principal place of business in San Diego County, California.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes a debt ("the Debt").

12. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

15. On or about December 7, 2007, S&S obtained a judgment, in Midland's favor, against Plaintiff in the amount of $2,993.41.

16. On April 29, 2016, the judgment was vacated pursuant to Stipulation. **("Exhibit 1")**.

17. By letter dated May 9, 2016, sent to Plaintiff's counsel ("the Letter"), S&S, on Midland's behalf, demanded payment of the vacated judgment. **("Exhibit 2")**.

18. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

19. The Letter demanded payment of $5,263.80 be sent to S&S, made payable to Midland.

20. The Letter threatened Plaintiff that S&S could "commence enforcement efforts to collect the balance due" if Plaintiff refused to pay.

21. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

22. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

23. Defendants' attempt to collect the non-existent judgment is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

24. Defendants' attempt to collect the non-existent judgment is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

25. Defendants' attempt to collect the non-existent judgment is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

26. Defendants' statement that it possessed a judgment against Plaintiff is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

27. Defendants' statement that it possessed a judgment against Plaintiff is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

28. Defendants' conduct, as described, is a violation of 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10).

## JURY DEMAND

29. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530

DATED: May 11, 2017

        **BARSHAY SANDERS, PLLC**

        By:   */s/ Craig B. Sanders*
        Craig B. Sanders, Esq.
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiff*
        Our File No.: 111902